William Paul, *pro se*
1379 Jordan Street
Crescent City, CA  95531
(707) 954-5659
qualitytraffic1@gmail.com



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Paul, *pro se*<br>    Plaintiff,<br>    vs.<br><br>Redwood National and State Parks,<br>Marshall Neeck, Chief Ranger<br>Park Ranger No. 1,<br>Park Ranger No. 2,<br>Park Ranger No. 3,<br>Park Ranger No. 4,<br>Park Ranger No. 5,<br>Park Ranger No. 6<br>Del Norte County Sheriffs<br>    Department,<br>Erik Apperson, Del Norte County<br>    Sheriff,<br>Sheriffs Deputy No. 1,<br>Sheriffs Deputy No. 2,<br>        Defendants | Case No. **CV 17 7197**<br>*(to be filled in by the Clerk's Office)*<br><br>**Complaint for Violation of Civil Rights**<br>*(Non-Prisoner Complaint)*<br><br>Request for Jury Trial |

## I. THE PARTIES TO THE COMPLAINT

**A. The Plaintiff:**    William Paul
                                1379 Jordan Street
                                Crescent City, CA  95531
                                (707) 954-5659

**B. The Defendants:**

| | |
|---|---|
| Defendant #1: | Redwood National and State Parks<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 |
| Defendant #2: | Marshall Neeck, Chief Ranger, Redwood National and State Parks, in his official and individual capacity.<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 |
| Defendant #3: | Park Ranger No. 1, Redwood National and State Parks, in his official and individual capacity.<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 |
| Defendant #4: | Park Ranger No. 2, Redwood National and State Parks, in his official and individual capacity.<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 |
| Defendant #5: | Park Ranger No. 3, Redwood National and State Parks, in his official and individual capacity.<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 |
| Defendant #6: | Park Ranger No. 4, Redwood National and State Parks, in his official and individual capacity.<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 |

| | | |
|---|---|---|
| Defendant #7: | Park Ranger No. 5, Redwood National and State Parks, in his official and individual capacity.<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 | |
| Defendant #8: | Park Ranger No. 6, Redwood National and State Parks, in his official and individual capacity.<br>1111 2nd Street<br>Crescent City, CA  95531<br>(707) 465-7335 | |
| Defendant #9: | Del Norte County Sheriffs Department<br>450 Fifth Street<br>Crescent City, CA  95531<br>(707) 464-4191 | |
| Defendant #10: | Sheriff Eric Apperson, Del Norte County Sheriffs Department, in his official and individual capacity.<br>450 Fifth Street<br>Crescent City, CA  95531<br>(707) 464-4191 | |
| Defendant #11: | Sheriffs Deputy #1, Del Norte County Sheriffs Department, in his official and individual capacity.<br>450 Fifth Street<br>Crescent City, CA  95531<br>(707) 464-4191 | |
| Defendant #12: | Sheriffs Deputy #2, Del Norte County Sheriffs Department, in his official and individual capacity.<br>450 Fifth Street<br>Crescent City, CA  95531<br>(707) 464-4191 | |

Plaintiff is currently unaware of the true names of Defendants #3 through #8 inclusive, and Defendants #11 and #12, and, therefore, sue Defendants by said fictitious names. Plaintiff will seek leave of this court, as necessary, to amend this complaint to assert the true names of Defendants when such information has been

obtained. Plaintiff is further informed and believes and based thereon, maintains that each defendant has participated in some way in the wrongful and illegal acts alleged below and is liable to Plaintiff for damages and other relief to which he is entitled.

## II. BASIS FOR JURISDICTION

### A. Bivins Suit

Plaintiff brings suit against federal employees, Defendants #1 through #8, inclusive, under *Bivens v. Six unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### B. 42 U.S.C. § 1983 Suit

Because Defendants #1 through #12, inclusive, acted under "color of law" and because Defendants #1 through #8 committed unlawful acts on California State Park land, Plaintiff brings suit against Defendants #1 through #12 under 42 U.S.C. § 1983.

## III. STATEMENT OF FACTS

On Friday, January 22, 2016 at approximately 4:00 pm. Plaintiff was returning from a walk with his dog on Howland Hill Road which is in the Jedediah Smith Redwood State Park. As Plaintiff was approaching his truck, he and his dog were confronted by two Park Rangers, a male and female, Defendants #3 and #4, with their weapons drawn in a firing stance, ready to shoot the Plaintiff and his dog. Defendants #3 and #4 ordered Plaintiff to put his dog in his truck, and they proceeded to interrogate him. Plaintiff told the Park Rangers that he had a mental disability and did not understand what was going on. They called for back-up and two additional Park vehicles arrived on the scene with four additional Park Rangers.

Defendants #3 and #4 ordered Plaintiff to put his keys on the hood of his truck and raise his shirt so they could see that he was not armed, and Plaintiff complied. They then asked Plaintiff if they could pat him down, and again Plaintiff complied. When Defendants #3 and #4 told Plaintiff that they were going to put their hands under his waistband, he denied saying, "Whoa, whoa, whoa! I'd like to hang on to what little rights I still have". In an instant, Defendants #3 and #4 became angry and slammed plaintiff to the ground, stating that he was resisting arrest, and pushed his face into the mud.

Plaintiff was then handcuffed and forced to stand in the pouring rain for over an hour while they searched his vehicle. Plaintiff told them that he sure hoped they had a dash-cam, as the whole scene took place directly in front of the patrol vehicle. They assured him that they did, indeed, have a dash-cam.

Defendants #3 and #4 emptied all of Plaintiff's pockets and threw the contents, including all of his money, on the muddy ground. When they placed him in the patrol car, Plaintiff asked Defendants #3 and #4 to pick up his money from the mud, and they refused. Plaintiff was then transported to the Del Norte County Jail. On the way, Plaintiff said he was wet and cold and asked Defendants #3 and #4 if they could turn on the heat in the patrol vehicle. Defendants #3 and #4 put on the air conditioning instead.

When the Plaintiff arrived at the jail he expressed his concern about his dog stating that she had salmon poisoning and needed medication. Defendants #3 and #4 told Plaintiff that his truck had been towed and impounded and his dog was taken to the dog pound.

Plaintiff was held in the Del Norte County Jail for over 8 hours, was never told what he was arrested for, never read his Miranda Rights nor allowed to make a phone call. Upon being released at approximately 1:30 am on January 23, 2016, Plaintiff asked the Sheriffs deputies, Defendants #11 and #12, how he could contact the dog pound to let them know his dog had salmon poisoning and she could die without her medicine. They scoffed and said that the dog pound was closed until Monday and that she would just have to die.

Plaintiff was released from jail in the early morning hours of January 23, 2016 suffering from hypothermia, with no truck, no money, and fearing for the life of his dog. At daylight, Plaintiff borrowed money to get his truck out of impound and immediately drove to the dog pound. He was relieved when he saw a volunteer who was feeding the dogs, and she kindly agreed to give his dog her medicine.

Because Plaintiff is on a fixed income, and Defendants #3 and #4 had left all of his money in the mud at the Jedediah Smith Redwoods State Park, on Monday Plaintiff had to borrow more money to get his dog out of the pound.

Several weeks later, Plaintiff appeared in court on the date and time designated on his jail release form. Plaintiff spent several hours sitting through the court cases and when Plaintiff was the only one left in the courtroom, the judge informed him that he had no charges before him. There was no file for William Paul.

# III. CAUSES OF ACTION

## A. Bivens Suit

Plaintiff hereby brings suit against the Redwood National and State Parks, Chief Park Ranger Marshall Neeck, and unknown, unnamed Defendants #3 through #8, inclusive, for violating Plaintiff's Constitutional Rights as follows:

1. Fourth Amendment : Unlawful Search and Seizure.

Defendants #1 through #8 did violate Plaintiff's Fourth Amendment right by unlawfully searching the person of Plaintiff and Plaintiff's vehicle without probable cause. Although plaintiff allowed Defendants #3 and #4 to pat him down, when he evoked his fourth amendment right, they became extremely aggressive and physically abusive.

2. Fifth Amendment: Unlawful Detainment, Arrest and Incarceration.

Defendants #1 through #8, inclusive, did violate Plaintiff's Fifth Amendment right by unlawfully detaining, arresting and incarcerating Plaintiff without due process of law. While Defendants #3 and #4 detained and handcuffed Plaintiff, Defendants #5, #6, #7 and #8 stood by complacently watching the Rangers' unlawful actions.

3. Eighth Amendment: Cruel and Unusual Punishment.

Defendants #1 through #8, inclusive, did violate Plaintiff's Eighth Amendment right by inflicting cruel and unusual punishment. Not only did Defendants #1 through #8 force Plaintiff to stand for over an hour in the pouring rain, Defendants #3 and #4 turned on the air conditioning in the patrol vehicle en route to the County jail when Plaintiff asked them to turn on the heat.

4. <u>Fourteenth Amendment: Due Process Clause</u>

Defendants #1 through #8, inclusive, did violate Plaintiff's Fourteenth Amendment right by intentionally denying him due process of his constitutional rights. The actions of Defendants #3 through #8, inclusive, demonstrated intentional and willful disregard for the law and for Plaintiff's constitutional rights.

**B.**   <u>**42 U.S.C. Section 1983 Suit**</u>

Plaintiff hereby brings suit against the Redwood National and State Parks and Defendants #2 through #12, inclusive, for acting "under color of law" of the State of California on California, by violating the following "rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

The National and State Parks and Defendants #2 through #8, inclusive, acting under color of law, did violate with malicious intent, Plaintiff's right to life, liberty and the pursuit of happiness as guaranteed by the U.S. Constitution and the following Bill of Rights:

1.   <u>Fourth Amendment Right:</u> Defendants #1 through #8, inclusive, are held accountable for unlawfully searching and seizing the person of Plaintiff and Plaintiff's vehicle without probable cause and after he evoked his Fourth Amendment Right.

2.   <u>Fifth Amendment:</u> Defendants #1 through #12, inclusive, are held accountable for unlawfully detaining, arresting and incarcerating Plaintiff without due process of law, without reading him his Miranda Rights, and without allowing him to make a phone call.

3. <u>Eighth Amendment:</u> Defendants #1 through #11, inclusive, are held accountable for maliciously subjecting Plaintiff to cruel and unusual physical punishment, mental anguish, and emotional abuse. Defendants #9 through #12, inclusive, did hold Plaintiff, soaking wet, in the County jail for eight hours without reading him his Miranda Rights nor allowing him to make a phone call. They also held him for eight hours, soaking wet and shivering, without heat or a blanket. Furthermore, Defendants #9 through #12, inclusive, subjected Plaintiff to cruel emotional abuse and anguish while he was incarcerated.

4. <u>Fourteenth Amendment:</u> Defendants #1 through #12, inclusive, did violate Plaintiff's Fourteenth Amendment right by intentionally denying him due process of his constitutional rights. The actions of Defendants #3 through #8, inclusive, and Defendants #11 and #12 demonstrated intentional and willful disregard for the law and for Plaintiff's constitutional rights.

## IV. INJURIES

Plaintiff was released from the jail with hypothermia and sustained abrasions and bruises as the result of excessive force used by the National Park Rangers. Plaintiff was emotionally traumatized by the encounter which was intensified due to his mental disability. Additionally, plaintiff endured severe mental anguish over their lack of compassion regarding the treatment and care of his sick dog, who is his best friend and his only living family. Even after nearly two years, Plaintiff is plagued by nightmares. Plaintiff becomes extremely distraught when faced with court related matters and when encountering law enforcement officers. He no longer feels safe to enjoy walks with his dog in our beautiful State and National

Parks. The quality of Plaintiff's life will will be forever damaged because of the actions of our park and law enforcement personnel and their intentional disregard for the constitutional rights of citizens.

## V. RELIEF

Plaintiff hereby requests a trial by jury under Rule 38(b) of the Federal Rules of Civil Procedure.

Plaintiff hereby prays this court recommend that the National and State Park Services promulgate mandatory training to stop the unnecessary use of excessive force and the pervasive disregard for the Constitutional rights of American citizens.

Plaintiff prays this court order an extensive review of other citizen complaints against local Park Rangers for their unnecessary use of excessive force and other unlawful practices.

Plaintiff prays this court hold the Del Norte County Sheriffs office responsible for complacently allowing Park Rangers to violate the laws and constitutional rights of American citizens and for intentionally inflicting emotional duress.

Furthermore, Plaintiff prays this court order that Defendants #2 through #8, and #10 through #12, inclusive, be disciplined, demoted and/or terminated for their unlawful actions against Plaintiff and for their negligent disregard of his Constitutional rights.

Plaintiff seeks compensatory damages to cover the cost of retrieving his vehicle, his dog, and the money that was left on the ground, and an amount to be determined by the jury for the physical abuse and emotional trauma he endured, as well as the permanent loss of enjoyment of life. Plaintiff seeks punitive damages in an amount to be determined by the jury.

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-12, 2017.

Signature of Plaintiff  _____

Printed Name of Plaintiff  William Douglas Paul