UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. PAUL,<br><br>    Plaintiff,<br><br>    v.<br><br>REDWOOD NATIONAL AND STATE PARKS DEPARTMENT, *et al*.,<br><br>    Defendants. | Case No. 17-cv-07197-SI<br><br>**ORDER RE: CALIFORNIA DEPARTMENT OF PARKS AND RECREATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 56, 72 |

Defendant California Department of Parks and Recreation's motion to dismiss the first amended complaint is scheduled for a hearing on June 29, 2018. Plaintiff has filed an opposition to the motion, and also seeks leave to file a second amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are suitable for resolution without oral argument, and VACATES the hearing.

Defendant California Department of Parks and Recreation ("CDPR") moves to dismiss the first amended complaint ("FAC") on three grounds: (1) "Redwood National and State Parks" is not an entity that can be sued; (2) CDPR is immune from suit pursuant to the Eleventh Amendment to the United States Constitution; and (3) CDPR is not a "person" amenable to suit under 42 U.S.C. § 1983. Plaintiff filed an opposition that largely does not address these arguments, and also seeks leave to file a second amended complaint ("SAC"). The proposed SAC removes "Redwood National and State Parks" as a defendant, and now names individual CDPR employees. The proposed SAC continues to name CDPR as a defendant, but CDPR is not named as a defendant in any of the causes of action (the individual CDPR employees are named in

various counts).

The Court GRANTS plaintiff's motion for leave to file a second amended complaint and DENIES defendant's motion to dismiss as moot. However, in the interest of judicial efficiency, the Court rules that plaintiff may not name the CDPR as a defendant in the SAC because the CDPR, as a state agency, is immune from suit under the Eleventh Amendment. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974). This Eleventh Amendment immunity also extends to suits against a state agency. *See, e.g.*, *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Accordingly, plaintiff must delete paragraph 10 of the proposed SAC, as well as the reference to CDPR in the caption, before filing the SAC. Plaintiff shall file the SAC no later than **July 2, 2018**.

**IT IS SO ORDERED**.

Dated: June 26, 2018

SUSAN ILLSTON
United States District Judge

2