UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. PAUL,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY MORSE, et al.,<br><br>    Defendants. | Case No. 17-cv-07197-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 146 |

The parties have submitted a discovery dispute to the Court. Plaintiff, who is now represented by counsel, seeks to reopen discovery for limited purposes, including to prepare an opposition to defendants' pending motions for summary judgment. Defendants oppose the request to reopen, asserting *inter alia* that plaintiff was not diligent with discovery when he was litigating this case *pro se*. Defendants also raise specific objections to the particular discovery plaintiff proposes, arguing that the discovery is irrelevant, unnecessary, invades defendants' privacy interests, and/or is overbroad.

The Court finds that it is appropriate and in the interest of justice to allow for a limited reopening of discovery as follows:

1. Plaintiff may take 4 hour depositions of defendants; either plaintiff's counsel will travel to defendants or the depositions shall be taken by video conference.
2. Plaintiff shall provide responses and/or supplemental responses to both the requests for admission and the interrogatories previously served by defendants.
3. Personnel files relating to training, discipline, duties, and performance: The Court finds that plaintiff is entitled to defendants' personnel records. In civil rights cases, the Court has adopted a balancing test that is moderately pre-weighted in favor of disclosure. *See*

*generally Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987). Under this balancing test, the public interests in favor of disclosure, such as civil rights and justice in individual cases, "clearly outweigh" the public interests in favor of secrecy, such as the privacy rights of officers. *Id.*; *see also Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) ("[D]istrict courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents."). The material may be produced subject to a protective order. If there are documents in the personnel files that defendants contend are not relevant, the parties shall meet and confer in an effort to resolve any disputes.

4. Internal policy directives and guidelines promulgated by defendants' employers: Defendants object that this request is overbroad, seeks irrelevant documents, and that the documents are either publicly available and/or not in the possession of the individual defendants. Plaintiff does not address defendant's objections in the letter brief, and the Court agrees that as framed, the request is overbroad and is therefore denied.

5. Documents concerning or relating to the arrest of Mr. Paul, the decision not to bring charges, and any other documents about Mr. Paul: To the extent these documents are within defendants' possession, custody or control, defendants are directed to produce them.

6. Citizen complaints: Plaintiff did not list citizen complaints in his portion of the joint statement, while defendants assert that any citizen complaints are irrelevant and inadmissible under Federal Rule of Evidence 404(a)(1) and (b)(1). If in fact plaintiff seeks citizen complaints, the Court finds that any citizen complaints involving excessive force are discoverable. The Court makes no finding at this time regarding the admissibility of any such complaints.

7. Documents identified in defendants' initial disclosures: Defendants state that they have produced all such documents, and accordingly the Court considers this issue to be resolved.

The parties shall meet and confer regarding an expeditious schedule for completing this

2

discovery. If this discovery will require modifications to the current schedule for resolving the summary judgment motions, or other dates, the parties shall meet and confer and shall file no later than **January 10, 2020** (and earlier, if possible) a stipulation with a proposed new schedule.

**IT IS SO ORDERED**.

Dated: December 10 2019

_____
SUSAN ILLSTON
United States District Judge